# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# MOBILE DIVISION

| | |
|---|---|
| KYLE DAVIS, and<br>K&B TRANSPORT, LLC, | )<br>)<br>) |
| Plaintiffs, | )<br>) |
| | ) Civil Action No: 1:25-cv-00419 |
| v. | )<br>) |
| | ) **JURY TRIAL DEMAND** |
| TRADEBE ENVIRONMENTAL<br>SERVICES, LLC, TRADEBE<br>TRANSPORTATION LLC, and<br>AARON OIL COMPANY LLC, | )<br>)<br>)<br>) |
| | ) |
| Defendants. | ) |

## COMPLAINT

### NATURE OF THE ACTION

1. This is an action for legal and equitable relief to redress unlawful discrimination and retaliation against the plaintiff, Kyle Davis, and his company, K&B Transport, LLC. This suit is brought pursuant Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§2000e *et seq.,* as amended by the Civil rights Act of 1991 (hereinafter "Title VII"), which prohibits discrimination based on race, national origin, and retaliation, and 42 U.S.C. **§**1981 (hereinafter "§1981"), as amended, which provides for relief from discrimination based on race, ancestry or ethnic characteristics, and retaliation. The plaintiff seeks declaratory, injunctive, and other equitable

remedies, including back pay and reinstatement, as well as compensatory and punitive damages, attorneys' fees, and expenses. The plaintiffs also assert state law claims against the defendants for fraud and breach of contract.

### JURISDICTION AND VENUE

2. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331, 1343, 2201, and 2202, and 42 U.S.C. §2000e-5(f)(3).

3. Defendants Tradebe Environmental Services, LLC, Tradebe Transportation LLC, and Aaron Oil Company LLC at all times relevant to this lawsuit conducted business in several counties within the jurisdiction of the United States District Court for the Southern District of Alabama.

4. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) and 42 U.S.C. §2000e-5(g). The employment practices the plaintiffs allege were unlawful were committed within the jurisdiction of the United States District Court for the Southern District of Alabama.

5. This Court has supplemental jurisdiction over the plaintiffs' state law claims pursuant to 28 U.S. Code § 1367 in that they are so related to claims in the action that they form part of the same case or controversy.

6. The plaintiffs request a jury trial on all equitable claims and defenses and all issues triable by jury.

## PARTIES

7. Plaintiff Kyle Davis (hereinafter "plaintiff" or "Davis") is a Native American and a MOWA Choctaw Indian, a resident of Citronelle, Alabama, and a citizen of the United States. Davis was employed by the defendants during the relevant time period.

8. Plaintiff K&B Transport, LLC (hereinafter "plaintiff" or "K&B"), is an Alabama limited liability company with its principal place of business in Citronelle, Alabama. Davis was the sole owner of K&B, which entered into a Third Party Transporter Agreement with defendant Tradebe Environmental Services, LLC.

9. Defendant Tradebe Environmental Services, LLC (hereinafter "defendant" or "TES") is an "employer" subject to suit under Title VII and a person subject to suit under 42 U.S.C. §1981. At all times relevant to this action, the defendant was the plaintiff's employer within the meaning of Title VII. At all times relevant to this action, the defendant employed at least fifteen (15) or more employees for each working day during each of the twenty (20) or more calendar work weeks in the applicable calendar year. The defendant is located in and conducts business in Mobile County, Alabama.

10. Defendant Tradebe Transportation LLC (hereinafter "defendant" or "TT") is an "employer" subject to suit under Title VII and a person subject to suit under

3

        42 U.S.C. §1981. At all times relevant to this action, the defendant was the plaintiff's employer within the meaning of Title VII. At all times relevant to this action, the defendant employed at least fifteen (15) or more employees for each working day during each of the twenty (20) or more calendar work weeks in the applicable calendar year. The defendant is located in and conducts business in Mobile County, Alabama.

11. Defendant Aaron Oil Company LLC (hereinafter "defendant" or "AOC") is an "employer" subject to suit under Title VII and a person subject to suit under 42 U.S.C. §1981. At all times relevant to this action, the defendant was the plaintiff's employer within the meaning of Title VII. At all times relevant to this action, the defendant employed at least fifteen (15) or more employees for each working day during each of the twenty (20) or more calendar work weeks in the applicable calendar year. The defendant is located in and conducts business in Mobile County, Alabama.

12. Defendants TES, TT, and AOC are an integrated operation and/or a joint operation and were collectively the plaintiff's employer according to Title VII. The defendants share a common business purpose and directed the plaintiff's work.

## ADMINISTRATIVE PROCEDURES

13. Davis timely filed a Charge of Discrimination with the EEOC against Aaron Oil Company, LLC and Tradebe Environmental Services, LLC on July 9, 2025, which was assigned Charge Number 425-2025-01645. Exhibit 1.

14. Davis timely filed a Charge of Discrimination with the EEOC against Tradebe Environmental Services, LLC on July 14, 2025, which was assigned Charge Number 425-2025-01680. Exhibit 2.

15. Davis timely filed a Charge of Discrimination with the EEOC against Tradebe Transportation Services LLC on July 14, 2025, which was assigned Charge Number 425-2025-01681. Exhibit 3.

16. The Equal Employment Opportunity Commission, the Mobile District Office, issued a Determination and Notice of Rights letter to Davis for Charge Number 420-2025-01645, on July 24, 2025, 2025. Exhibit 4.

17. The Equal Employment Opportunity Commission, the Mobile District Office, issued a Determination and Notice of Rights letter to Davis for Charge Number 420-2025-01680, on July 24, 2025. Exhibit 5.

18. The Equal Employment Opportunity Commission, the Mobile District Office, has not yet issued a Determination and Notice of Rights letter to Davis for Charge Number 420-2025-01681.

19. Davis timely filed this action within 90 days of receipt of the Determination and Notice of Rights.

20. Davis's claims of race discrimination under 42 U.S.C. §1981 and state law claims do not require administrative exhaustion.

## STATEMENT OF FACTUAL ALLEGATIONS

21. Davis began working for the defendants Tradebe Environmental Services, LLC ("TES"), Tradebe Transportation LLC ("TT"), and Aaron Oil Company, LLC ("AOC") on or about June 22, 2023, as a transporter of petroleum products.

22. On June 22, 2023, Davis and K&B executed and entered into a Third Party Transporter Agreement with TES.

23. That agreement required Davis and K&B to purchase an insurance policy with $7 million of coverage and which cost Davis approximately $6,500 per month. Davis and K&B would not have purchased and maintained this insurance coverage except that the agreement with TES required such coverage.

24. TES advertises that it "handle[s] the complexities of waste management, from collection and transportation to treatment and recycling, allowing [customers] to focus on [their] core business."

25. TT advertises that it has a fleet of over 300 vehicles and "deliver[s] turnkey transportation, vacuum services, product transfers, and waste management

solutions" and "handle[s] the transportation of hazardous and non-hazardous waste for both large and small quantity generators, utilizing [its] fleet to provide efficient and comprehensive services across the spectrum of waste management needs."

26. AOC advertises that it is "a Tradebe company, [that] has been a trusted partner in used oil recycling and petroleum materials management."

27. The defendants provided the trailers Davis pulled, they dispatched him to the jobs he worked on each day, regulated his hours, controlled the method of payment, assigned him tasks to perform, and exercised control over his daily activities and the jobs he performed.

28. During the time Davis worked for the defendants, he was not employed by any other employer.

29. At the Saraland, Alabama location where Davis was stationed, the defendants employed approximately fifty (50) people, and Davis was the only Native American/MOWA Choctaw Indian.

30. There is a large population of MOWA Indians in Citronelle area and the areas from which the defendants hire.

31. Davis owned a truck, and the defendants owned the tankers that he pulled.

32. The defendants provided these tankers and their logo was printed on the side of them.

33. Davis used the defendants' tankers to transport materials throughout his employment with the defendants.

34. On January 16, 2025, TES General Manager James Teague (white male) sent Davis an email which stated: "Just a reminder. No company is approved to Pull AOC owned trailers or equipment."

35. Teague had been formally employed by Aaron for approximately twenty (20) years prior to his employment with TES.

36. Davis complained to AOC Dispatch Manager Ginger Baskin (white female) that this policy was implemented to discriminate against him based on the fact that he is a Native American/MOWA Choctaw Indian.

37. Brian Miller (white male), who was Davis's supervisor, was friendly to white employees and talked with them but was rude to Davis and never talked to Davis unless it was necessary.

38. Davis complained about this policy to the defendants and pointed out that it discriminated against him because of his national origin. The defendants failed to take any action to rectify the situation and failed to return his calls.

39. On January 16, 2025, the defendants terminated Davis's employment.

40. Teague told Davis that if he bought his own trailer he could come back to work for them.

41. Soon after, Davis bought two trailers from AOC which cost approximately $85,000.

42. Davis informed the defendants that he had two trailers and was ready to return to work.

43. The plaintiff noticed that Superior Bay Trucking, LLC, which was a trucking company owned by a white male, was pulling AOC trailers.

44. Davis called Baskin and told her that he had seen Superior Bay Trucking, LLC trucks pulling AOC trailers. Baskin told Davis that the defendant had hired Superior Bay Trucking, LLC, and that it was out of her control because Teague "was her boss too."

45. The defendants allowed Superior Bay Trucking, LLC to use its tankers even though it had told Davis he was not allowed to use its tankers.

46. Baskin told him he could come back to work once he got new trailers, and during March 2025, Baskin allowed Davis to come back to work.

47. Davis went back to work for them and used his vehicle and tankers.

48. During this time period, Superior Bay Trucking, LLC continued to use tankers owned by the defendants.

49. Davis worked for the defendants for approximately one month during March and April 2025.

50. Once Teague learned that Davis had bought his own trailers and was back working for the defendants, he told him he needed a new truck.

51. During April 2025, the defendants terminated Davis a second time.

52. Teague told Baskin to terminate Davis because he didn't like the way Davis's truck looked even though it was the same truck that he had when the defendants had hired him.

53. Baskin told Davis that Teague didn't want him working there and was trying to fire him without firing him.

54. The defendants continued to permit Superior Bay Trucking, LLC to use its tankers.

55. Upon information and belief, Superior Bay Trucking, LLC continues to use tankers owned by the defendants.

## DAMAGES

56. The plaintiff is now suffering and will continue to suffer irreparable injury from the defendants' unlawful conduct as set forth herein unless enjoined by this Court.

57. The plaintiff has suffered embarrassment, humiliation, shame, damage to reputation, mental distress, emotional and physical pain and anguish and lost wages and other pecuniary losses as a consequence of the defendants' unlawful conduct.

58. The plaintiff has no plain, adequate or complete remedy at law to redress the wrongs alleged herein and this suit for backpay, declaratory judgment, injunctive relief, and compensatory, punitive and liquidated damages is his only means of securing adequate relief.

**COUNT I: DISCRIMINATION ON THE BASIS OF RACE OR
NATIONAL ORIGIN IN VIOLATION OF TITLE VII AND 42 U.S.C. §1981
(Termination)**

59. The plaintiff re-alleges all of the factual allegations in the complaint and incorporates the same by reference herein.

60. The defendants intentionally discriminated against the plaintiff on the basis of his race or national origin with regard to job assignments, discipline, and other terms and conditions of employment, including when they terminated his employment.

61. The defendants were an integrated enterprise and made the decision to terminate the plaintiff's employment because of his race or national origin, which was a motivating factor in that decision.

62. In the alternative, Tradebe had actual and constructive knowledge that AOC was discriminating against the plaintiff because of his race when it made the decision to terminate his employment and failed to take prompt action to correct or eliminate the discrimination.

63. In the alternative, Tradebe had actual and constructive knowledge that AOC was discriminating against the plaintiff because of his race or national origin when it made the decision to terminate his employment and failed to take prompt action to correct or eliminate the discrimination.

64. The defendants engaged in the practices complained of herein with malice and/or reckless indifference to the plaintiff's federally protected rights.

65. As a result and consequence of the defendants' actions, the plaintiff has suffered pain, financial damage, embarrassment, trauma and humiliation.

66. This claim is brought against all defendants as an integrated enterprise and/or the plaintiff's joint employer under Title VII and under 42 U.S.C. §1981 as persons subject to suit.

## COUNT II: RETALIATION IN VIOLATION OF TITLE VII AND 42 U.S.C. §1981 (Termination)

67. The plaintiff re-alleges all of the factual allegations in the complaint and incorporates the same by reference herein.

68. The defendants discriminated against the plaintiff on the basis of retaliation with respect to hours, job assignments, discipline, termination, other terms, conditions, and privileges of employment in violation of Title VII and 42 U.S.C. §1981.

69. The plaintiff engaged in protected opposition to illegal discrimination when he complained to the defendants' managers about illegal discrimination.

70. The plaintiff engaged in protected activity to illegal discrimination when he complained to the defendants' managers about illegal discrimination.

71. The defendants engaged in the practices complained of herein with malice and/or reckless indifference to the plaintiff's federally protected rights.

72. As a result and consequence of the defendants' actions, the plaintiff has suffered pain, financial damage, embarrassment, trauma and humiliation.

73. This claim is brought against all defendants as an integrated enterprise and/or the plaintiff's joint employer under Title VII and under 42 U.S.C. §1981 as persons subject to suit.

## COUNT III
### FRAUD

74. The plaintiff re-alleges all of the factual allegations in the complaint and incorporates the same by reference herein.

75. The defendants violated Code of Ala. § 6-5-102.

76. The defendants made a false representation to Davis that if he purchased trailers from the defendants that he and K&B could continue to work for them.

77. The false representation was of a material existing fact.

78. The plaintiff reasonably relied upon the false representation.

79. The plaintiff was damaged by his reliance upon the defendants' misrepresentations.

80. At the time of the misrepresentation, the defendants did not intend to perform the act promised.

81. The defendants intentionally deceived the plaintiff.

WHEREFORE, the plaintiff seeks a judgment against the defendants all amounts owed; including compensatory and punitive damages, as well as pre-judgment and post-judgment interest to the extent allowed by law; and any and all other relief deemed fair and equitable by this Court and/or a jury.

## COUNT IV
## BREACH OF CONTRACT

82. The plaintiff re-alleges all of the factual allegations in the complaint and incorporates the same by reference herein.

83. On or about June 22, 2023, K&B and TES entered into a contract in which the defendants hired Davis and his company to transport material.

84. That agreement required Davis and K&B to purchase an insurance policy with $7 million of coverage and which cost Davis approximately $6,500 per month. Davis and K&B would not have purchased and maintained this insurance coverage except that the agreement with TES required such coverage.

85. The agreement automatically renewed each year, unless TES notified K&B of a breach, and permitted it to rectify the breach, or upon sixty (60) days's notice.

86. TES failed to follow the terms of its agreement and breached its obligations to K&B.

87. As a result of the defendants' breach of contract, the plaintiff suffered the injuries and damages described above.

88. The plaintiff seeks all damages allowed by law for the defendants' breach of this contract.

WHEREFORE, the plaintiff seeks a judgment against the defendants all amounts owed; including compensatory and liquidated damages, as well as pre-judgment and post-judgment interest to the extent allowed by law; and any and all other relief deemed fair and equitable by this Court and/or a jury.

## PRAYER FOR RELIEF

WHEREFORE, the plaintiff respectfully prays that this Court assume jurisdiction of this action and after trial:

1. Grant the plaintiff a declaratory judgment holding that the actions of the defendants described hereinabove violated and continue to violate the rights of the plaintiff as secured by Title VII of the Civil Rights Act of 1964 and 42 U.S.C. §1981.

2. Grant the plaintiff a permanent injunction enjoining the defendants, their agents, successors, employees, attorneys and those acting in concert with the defendants and on the defendants' behalf from continuing to violate Title VII of the Civil Rights Act of 1964 and 42 U.S.C. §1981.

3. Issue an injunction ordering the defendants not to engage in discrimination and acts which violate Title VII of the Civil Rights Act of 1964 and 42 U.S.C. §1981

4. Grant the plaintiff an order requiring the defendants to make the plaintiff whole by reinstating him to the position he would have occupied in the absence of discrimination as set out herein, backpay (plus interest), compensatory, and punitive damages.

5. The plaintiff further prays for such other relief and benefits as the cause of justice may require, including, but not limited to, an award of costs, attorneys' fees and expenses.

## JURY TRIAL DEMAND

The plaintiff requests a trial by struck jury on all questions of fact raised by his complaint.

Respectfully submitted this the 17th day of October, 2025.

*/s/ H. Wallace Blizzard*
H. Wallace Blizzard
ASB 8969-B56H
WIGGINS CHILDS PANTAZIS FISHER & GOLDFARB, LLC
The Kress Building
301 19th Street North
Birmingham, Alabama 35203
205.314.0593 (phone/text)
205.314.0793 (fax)
wblizzard@wigginschilds.com

*/s/Daniel A. Hannan*
Daniel A. Hannan
ASB-4492-N77D
DANIEL A. HANNAN, LLC
19090 Stout Lane
Gulf Shores, Alabama 36542
Work: 251-289-1326
Cell: 251-654-1360
Fax: 251-252-1331
Email: dahlawyer@hotmail.com
   hannanlaw@gmail.com

*Attorneys for Plaintiff Kyle Davis*

**The plaintiff requests this Honorable Court to serve via certified mail upon the defendants the following: Summons, Complaint.**

**Defendants' Addresses:**
**Tradebe Environmental Services, LLC**
**c/o Corporation Service Company, Inc., Reg. Agent**
**641 South Lawrence Street**
**Montgomery, AL 36104**

**Tradebe Transportation, LLC**
**c/o Corporation Service Company, Inc., Reg. Agent**
**641 South Lawrence Street**
**Montgomery, AL 36104**

**Aaron Oil Company, LLC**
**c/o Corporation Service Company, Inc., Reg. Agent**
**641 South Lawrence Street**
**Montgomery, AL 36104**